FILED

2016 JUN 14  AM 9: 55

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:      7h1              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, Jr.,<br>Booking No. 15780644,<br><br>                                        Plaintiff,<br><br>                vs.<br><br>GEORGE BAILEY DETENTION<br>FACILITY, et al.,<br><br>                                        Defendants. | Case No.: 3:16-cv-00619-BEN-KSC<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO<br>PROCEED IN FORMA PAUPERIS<br>AS BARRED BY 28 U.S.C. § 1915(g)<br>[ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION<br>WITHOUT PREJUDICE FOR<br>FAILURE TO PAY FILING FEE<br>REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff David B. Turner, Jr., currently incarcerated at George Bailey Detention Facility ("GBDF") in San Diego, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)

Plaintiff claims GBDF, the County of San Diego Sheriff's Department, the San Diego County Jail, the State of California, and an unidentified San Diego County Sheriff's

1

1   Deputy violated his Eighth and Fourteenth Amendment rights on December 13, 2015,

2   January 12, 2016, and January 14, 2016, by subjecting him to "overcrowding," applying

3   handcuffs too tightly, and by subjecting him to "sexual harassment and intimidation" which

4   caused him to "flashback [to] 12/3/13." (ECF No. 1 at 2-5.)[1] Plaintiff seeks injunctive

5   relief preventing the County "from continuing to deny" his rights, as well as $17 million

6   in general and punitive damages for his pain and suffering. (*Id.* at 7.)

7        Plaintiff has not prepaid the full civil filing fee required by 28 U.S.C. § 1914(a);

8   instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 2.)

## I.

## MOTION TO PROCEED IFP

11       "[A] federal litigant who is too poor to pay court fees may proceed *in forma*

12  *pauperis*. This means that the litigant may commence a civil action without prepaying fees

13  or paying certain expenses." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015). "All

14  persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's*

15  *Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners, like Plaintiff, however, "face an

16  additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing

17  fee" in "monthly installments" as provided by 28 U.S.C. § 1915(b)(2), *Bruce v. Samuels*,

18  136 S. Ct. 627, 629 (2016), the Prison Litigation Reform Act ("PLRA") amended section

19  1915 to preclude the privilege to proceed IFP:

20       [I]f [a] prisoner has, on 3 or more prior occasions, while incarcerated or
         detained in any facility, brought an action or appeal in a court of the United
21       States that was dismissed on the grounds that it is frivolous, malicious, or fails

22

---

[1] The Court takes judicial notice that Plaintiff has several other civil rights actions currently
pending before this Court, most of which also involve claims of excessive force, the denial
of medical care, and unconstitutional conditions of confinement against the City and
County of San Diego and County Sheriff's Department officials, but arising during
previous periods of arrest, detention, or incarceration in 2013. *See, e.g.*, *Turner v. San
Diego Central Jail*, No. 3:13-cv-1133-WQH-BGS (S.D. Cal. May 10, 2013); *Turner v.
City of San Diego Police Dep't*, No. 3:13-cv-2124-DMS-JMA (S.D. Cal. Sept. 10, 2013);
*Turner v. County of San Diego*, No. 3:14-cv-2003-JAH-JLB (S.D. Cal. Aug. 25, 2014).

1    to state a claim upon which relief can be granted, unless the prisoner is under
2    imminent danger of serious physical injury.

3    28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes'
4    provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

5    "Strikes are prior cases or appeals, brought while the plaintiff was a
6    prisoner, which were dismissed on the ground that they were frivolous, malicious,
7    or fail[ed] to state a claim." *Id.* at 1116 n.1 (internal quotations omitted).  Once a
8    prisoner has accumulated three strikes, he is prohibited by section 1915(g) from
9    pursuing any other IFP action in federal court unless he can show he is facing
10   "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  The objective
11   of the PLRA is to further "the congressional goal of reducing frivolous prisoner
12   litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir.
13   1997).

14                                    **II.**

15                        **APPLICATION TO PLAINTIFF**

16   As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has
17   ascertained that it does not contain "plausible allegations" which suggest he "faced
18   'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*,
19   493 F.3d 1047, 1055 (9th Cir. 2007) [hereinafter *Cervantes*] (quoting 28 U.S.C. § 1915(g)).
20   Instead, Plaintiff complains generally about overcrowding and having been subject to
21   verbal sexual innuendo and harassment by unidentified GBDF officials during a strip
22   search in December 2015 and again during a meal in January 2016.  (ECF No. 1 at 3-5.)
23   Nothing in his Complaint plausibly suggests Plaintiff faced any danger of imminent serious
24   physical injury when he filed his Complaint on March 10, 2016. *See Cervantes*, 493 F.3d
25   at 1053 ("[T]he availability of [§ 1915(g)'s imminent danger] exception turns on the
26   conditions a prisoner faced at the time the complaint was filed, not at some earlier or later
27   time.").

28   A court "'may take notice of proceedings in other courts, both within and without

                                      3

1  the federal judicial system, if those proceedings have a direct relation to matters at issue.'"

2  *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*,

3  285 F.3d 801, 803 n.2 (9th Cir. 2002)).

4       Thus, this Court takes judicial notice that Plaintiff, David B. Turner, Jr., currently

5  identified as San Diego County Sheriff's Department Booking No. 15780644,[2] has

6  brought, while incarcerated, more than three prior civil actions and appeals which were

7  dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon

8  which relief may be granted. *See* 28 U.S.C. § 1915(g).

9       They are:

10      1)    *Turner v. Metro. Transit Sys.*, No. 3:09-cv-00770-AJB-KSC (S.D. Cal. Nov.

11  11, 2009) (Order denying amended motion to proceed IFP and dismissing amended

12  complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

13  1915A(b)) (ECF No. 6) (strike one);

14      2)    *Turner v. Corporal Saunder (7294)*, No. 3:13-cv-01368-MMA-DHB (S.D.

15  Cal. June 18, 2013) (Order dismissing action as frivolous pursuant to 28 U.S.C. § 1915A(b)

16  and denying motion to proceed IFP as moot) (ECF No. 3) (strike two);

17      3)    *Turner v. County of San Diego*, No. 3:13-cv-02288-LAB-RBB (S.D. Cal. July

18  11, 2014) (Order sua sponte dismissing First Amended Complaint for failing to state a

19  claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A(b)) (ECF No. 7)

20  (strike three);[3] and

21      4)    *Turner v. County of San Diego*, No. 3:13-cv-02729-JLS-PCL (S.D. Cal. Nov.

---

[2]  A review of David B. Turner Jr.'s previous cases in PACER shows he has also been previously identified as CDCR Inmate No. G-30643 and as San Diego County Inmate Booking No. 13719099.

[3]  Plaintiff filed an appeal of this Order to the Ninth Circuit Court of Appeals. (ECF No. 9.)  The Ninth Circuit denied appellant's motion to proceed IFP because it found that "there [wa]s no non-frivolous issue presented in th[e] appeal." (ECF No. 13.)  The appeal was later dismissed based on Plaintiff's failure to perfect his appeal. (ECF No. 14.)

4

19, 2014) (Order granting IFP and sua sponte dismissing First Amended Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1)) (ECF No. 13); (March 20, 2015 Order dismissing case in its entirety for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and for failing to prosecute) (ECF No. 14) (strike four).[4]

Accordingly, because Plaintiff has, while incarcerated, accumulated at least four "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status").

### III.

### CONCLUSION AND ORDER

For the reasons set forth above, the Court:

(1)    **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

(2)    **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a); and

(3)    **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir.

---

[4] Plaintiff appealed the dismissal to the Ninth Circuit Court of Appeals. (ECF No. 16.) The Ninth Circuit denied appellant's motion to proceed IFP "because [it found] that the appeal [wa]s frivolous." (ECF No. 20.) The appeal was later dismissed based on Plaintiff's failure to perfect his appeal. (ECF No. 21.)

1    1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not

2    be frivolous).

3         The Clerk shall close the file.

4         **IT IS SO ORDERED**.

5

6    Dated:  June   3, 2016

7                                    HON. ROGER T. BENITEZ

8                                   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6